1

2

3

4

5

6

7                                    UNITED STATES DISTRICT COURT

8                            FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    AUMINITRIUS DAMOUR GUNN,                    Case No.  2:21-cv-00365-JDP (PC)

11                      Plaintiff,                ORDER GRANTING PLAINTIFF'S
                                                  APPLICATION TO PROCEED IN FORMA
12              v.                                PAUPERIS

13    STANTON CORRECTIONAL                        ECF No. 8
      FACILITY, *et al.*,
14                                                SCREENING ORDER THAT PLAINTIFF:
                      Defendants.
15                                                      (1) FILE AN AMENDED
                                                       COMPLAINT; OR
16
                                                       (2) NOTIFY THE COURT THAT HE
17                                                     WISHES TO STAND BY HIS
                                                       COMPLAINT, SUBJECT TO
18                                                     DISMISSAL OF CLAIMS AND
                                                       DEFENDANTS
19
                                                  ECF No. 1
20
                                                  SIXTY-DAY DEADLINE
21

22            Plaintiff Auminitrius Damour Gunn is a former county inmate proceeding without counsel

23    in this civil rights action brought under 42 U.S.C. § 1983.  He alleges that defendants Stanton

24    Correctional Facility, Solano County Sheriff's Office, Vontina, and Solano County Custody

25    Division have violated his constitutional rights by refusing to allow him to work as a "mod

26    worker" during his incarceration.  ECF No. 1 at 3.  I find, for the reasons stated below, that the

27    complaint does not state a cognizable claim.  I will give plaintiff leave to amend.

28            Plaintiff has also filed three applications to proceed *in forma pauperis*.  ECF Nos. 2, 6, &

                                                  1

8.  The last application makes the required showing and I will grant it; I will deny its two predecessors as moot.

### Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that defendants violated his First Amendment rights by refusing to let him work as a "mod worker" at the jail.  ECF No. 1 at 3.  He does not explain what a "mod worker" is, or how each defendant was involved in the decision to deny him the opportunity to be one. Plaintiff is advised that inmates have no right to a prison job.  *See Bravot v. Cal. Dep't of Corr.*, No. 05-113, 2006 U.S. Dist. LEXIS 534, *10 (E.D. Cal. 2006) ("Since plaintiff does not have a constitutional right to a prison job, much less to a particular job, he is not entitled to due process procedural protections prior to being deprived of his work.").  And the Stanton Correctional Facility and Solano County Custody Division are not appropriate defendants in a section 1983 action. *Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (subdivisions of a municipality are not appropriate defendants under section 1983).

I will give plaintiff leave to amend his complaint before recommending dismissal of this action.  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint must be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 8, is granted.

2.  Plaintiff's other applications to proceed *in forma pauperis*, ECF Nos. 2 & 6, are denied as moot.

3.  Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.

4.  Failure to comply with this order may result in the dismissal of this action.

   5.  The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.


Dated:  __April 15, 2021__                                    _____
                                                             JEREMY D. PETERSON
                                                             UNITED STATES MAGISTRATE JUDGE